J. R. SUTTON ET AL. V. H. T. SIMON, GREGORY & COMPANY ET AL.

No. 636.—Decided April 28, 1898.

**1. Deed of Trust—Acceptance—Attachment—Levy.**

Upon the acceptance of a deed of trust by a creditor secured thereby not participating in fraud in its execution, it became a valid lien upon the property to secure his claim, and the trustee was entitled to the possession; a subsequent levy of attachment by another creditor, made by seizure, instead of by notice as provided by law, was void and created no lien. (Pp. 639, 641.)

**2. Same—Fraud of Trustee.**

Though the trustee in such case participated in the fraud, he was entitled to retain possession of the property, as against the attaching creditor. (P. 641.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*Banks & Cochran*, for appellants.—That the transaction is a contract between the makers and beneficiaries and each beneficiary chargeable only for his own intent, see: Milling Co. v. Eaton, 86 Texas, 401; Haas v. Kraus, 86 Texas, 687; Kraus v. Haas, 25 S. W. Rep., 1030; Jones, Chattel Mortgages, sec. 336.

And the trustee is the mere instrument upon whom the powers are conferred for the benefit of the preferred creditors. Tittle v. Van Leer, 89 Texas, 174; Milling Co. v. Eaton, supra; Bank v. Ridenour, 27 Pac. Rep., 150; Pinneo v. Hart, 30 Mo., 561; Burrell, Assignments, sec. 117.

And in this connection in support of our argument the court is respectfully referred to following Court of Civil Appeals Cases: Block v. Spruance, 12 Texas Civ. App., 309; Soloman v. Wright, 28 S. W. Rep., 414; Refining Co. v. Harrison, 29 S. W. Rep., 502; Rider v. Hunt, 25 S. W. Rep., 314.

If the trustee had the right to possession, then that the levy by seizure and not by notice is void and created no lien. See proposition in our (appellant's) brief, page 41—authorities thereunder page 46, and so much of our argument thereunder as is contained on pages 48 to 53 inclusive, of said brief.

*H. C. Lindsey* and *John W. Davis*, for appellees.—Appellees submit that the questions herein involved are governed by the rules as applied to mortgages, deeds of trust in the nature of mortgages and common law assignments. That in common law assignments, the fraud of the assignee or trustee vitiates the instrument. Burnham v. Logan, 88 Texas, 1; Burrill, Assignments, 529, 530, and cases cited; Bump, Fraud. Conveyances, sec. 337; and that after acceptance the trustee becomes the agent of both grantor and beneficiary. Wait, Fraud Conveyances, sec. 198; 2 Jones, Mortgages, sec. 1771.

The trustee is not the agent of the named beneficiaries before their acceptance, as was held by this court in Alliance Milling Co. v. Eaton,

Guinan & Co.; but after their acceptance he does become their agent, and by this ratification of his assumed authority all his acts become their acts.

The first question submitted by the Court of Civil Appeals to this court is whether the participation of the trustee Sutton in the fraudulent intent of the makers, Gray Bros. & Vaughan, renders the instrument fraudulent and void—whether, not the mere knowledge of, but the actual, active fraud of the trustee renders the deed of trust fraudulent and void. Attention is called to the case of American National Bank v. Cruger, recently decided by this court, and still in manuscript, where it is in effect held that while the fraud of a third person, wholly collateral to the contract, would not vitiate it, yet the fraud that was inherent in the contract itself, although done by a mere volunteer whose assumed authority was afterwards ratified by the principal, did vitiate the contract because the fraud was part and parcel of it. Now in the case under consideration, the fraud is not the fraud of a third person, or in the least collateral to the contract, but it is the fraud of a party to the instrument itself, and his acts are the very life blood, essence and constitution of the contract. His fraud is the contract, and without it, the latter would never have existed. Any subsequent acceptance by a creditor, therefore carries with it an adoption of every element in its composition. Ewell's Evans on Agency, 70, 71.

As to the second question certified to this court, viz: whether a trustee who has participated in the fraud of the makers of the deed of trust can maintain an action on it. We submit that the authorities are unanimous that he can not, all of them holding, that no one can profit by his own wrong, that no one can maintain an action or a defense founded on a fraudulent instrument to which he is a fraudulent party, that no one can successfully invoke the law to aid him in executing his fraudulent contracts or carrying out his fraudulent purposes. That his acts were fraudulent, is declared in the question submitted. He cannot prevail in a defense founded on his own fraud. Willis & Bro. v. Morris, 63 Texas, 463; 7 Waits' Actions & Defenses, 69; Kerr on Fraud & Mistake, 374, 375; Broom's Legal Maxims, 571, 572, 573.

Appellees cite the following additional cases: Burnham v. Logan, 88 Texas, 1; Baldwin v. Peet, 22 Texas, 708; Green v. Bank, 24 Texas, 508; Henderson v. Railway, 17 Texas, 560; Marbury v. Brooks, 7 Wheaton, 556; s. c. 11 Wheaton, 78; 2 Jones, Mortgages, sec. 1771; 2 Pomeroy's Eq. Jur., sec. 909; Bump on Fraudulent Conveyances, secs. 186, 337; Wait on Fraudulent Conveyances, sec. 198; Pope v. Pope, 40 Miss., 516; Ruble v. McDonald, 18 Iowa, 493; Lampson v. Arnold, 19 Iowa, 479.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court the following explanatory statement and questions:

"On the 16th day of December, 1891, R. E. Gray, J. M. Gray and

P. P. Vaughan, partners under the firm name of Gray Bros. & Vaughan, who were merchants doing business in the town of Moody, in McLennan County, Texas, executed their deed of trust or chattel mortgage upon their stock of merchandise and store, situated in the town of Moody, conveying said merchandise and fixtures and certain lands to appellant, J. R. Sutton, as trustee, to secure the Temple National Bank, H. C. Conley, J. R. Sutton, the trustee, and certain other creditors, in the payment of certain debts, owing by Gray Bros. & Vaughan. And on the same day the same grantors executed a second deed of trust, conveying the same property to the same trustee, but in all things subject to the lien created by the first deed of trust; said second deed of trust securing H. T. Simon, Gregory & Co. and certain other creditors, none of whom were secured by the first deed of trust.

"The trustee took possession of the merchandise and fixtures, and a few days thereafter, H. T. Simon, Gregory & Co. and the other appellees herein, all of whom were creditors of Gray Bros. & Vaughan, sued out attachments and caused them to be levied upon the stock of merchandise. Thereupon, Sutton, the trustee, instituted this suit, which is a statutory proceeding to try the rights of property, he claiming title and the right of possession through and under the two deeds of trust above mentioned.

"Appellees charged in their pleadings that said trust deeds were executed with intent to hinder, delay and defraud the creditors of Gray Bros. & Vaughan, and that the trustee and accepting creditors had notice of and participated in such fraudulent intent.

"The testimony shows that the trust deeds were duly recorded in McLennan County prior to the levy of appellee's attachments. It was also shown that all the debts secured by both instruments were bona fide debts, and that three of the creditors secured by said first instrument, viz: the Temple National Bank, H. C. Conley, and Sutton, the trustee, had accepted under said trust conveyance, prior to the time of the levy of appellee's attachments.

"There was testimony tending to show that Gray Bros. & Vaugahn were insolvent at the time they executed the two trust deeds. The sheriff levied appellees' attachments upon the property by seizing it, taking it from the possession of Sutton, the trustee, and holding it in his own exclusive possession, and not by giving notice to the trustee.

"The court below rendered judgment for appellees for $5,925 with six per cent interest from January 6, 1892. This judgment was rendered upon the theory that the first trust deed was executed with intent to defraud creditors, and that the Temple National Bank, and Sutton the trustee, participated in the fraud,—the court holding that as Conley did not participate in the fraud, Sutton was entitled to retain $575 worth of the property with which to satisfy Conley's debt. It is contended in this court, on behalf of appellants, that the testimony did not warrant the findings that the instrument was executed with intent to defraud creditors, and that the Temple National Bank and Sutton partici-

pated in such fraud. These are questions of fact to be decided by this court, and their decision is reserved until after the questions of law herein certified have been decided.

"With this preliminary statement, the Court of Civil Appeals for the Third Supreme Judicial District of Texas, and the Chief Justice of said court, certifies to the Supreme Court of the State for decision, the following questions, which are material to the final disposition of this case:

"1. If it be shown by the testimony that the grantors, Gray Bros. & Vaughan, by the execution of the trust deeds under which Sutton claims the property, intended to hinder, delay and defraud their creditors, and Sutton, the trustee, participated in such fraudulent intent, but either of the other accepting creditors did not, did the levy of appellees' attachments by seizure of the property and not by giving notice, as prescribed in article 2292 of the Revised Statutes of 1879, create liens in favor of appellees? and if they did, were such liens superior to the liens created by the first trust deed in favor of such accepting creditors as did not participate in the fraud?

"2. If the facts be as submitted in the first question, was the trustee, Sutton, who had participated in the fraud, entitled to retain possession of the property, as against the claims of appellees, the attaching creditors?"

Upon the acceptance of the instrument by a creditor who did not participate in the fraudulent intent it became a valid lien upon the property to secure his claim (Milling Co. v. Eaton, 86 Texas, 401; Haas v. Kraus, 86 Texas, 687, 25 S. W. Rep., 1025), and a court of equity would at his instance have compelled the guilty trustee to execute the trust or have appointed another to do so. Marbury v. Brooks, 7 Wheat.; Brooks v. Marbury, 11 Wheat.; Converse v. Davis, 90 Texas, 462, and cases cited. From this it results that the trustee was "entitled to the possession" and the defendant in the attachment was "not entitled to the possession" of the personal property within the meaning of said statute and the levy made by seizure instead of by giving the notice prescribed thereby was void and created no lien.

We therefore answer the first question certified in the negative and the last in the affirmative.

A different case would have been presented if the fraud of the trustee were imputable to the creditor; but we are of opinion it is not, since the above statement of the facts does not show that the trustee was or acted as the agent of the creditor in procuring the execution of the instrument. Marbury v. Brooks, 7 Wheat.; Brooks v. Marbury, 11 Wheat.; Bank v. Cruger, 91 Texas, 446.