## Theodore Keller v. L. J. Smith et al.

### Decided January 11, 1899.

1. **Assignment for Creditors by One Partner.**

   A partner who has full charge of the firm affairs, may, if no fraud is shown as to the other partners, execute a valid deed of trust for the benefit of firm creditors, without the express assent of his copartners.

2. **Same—Fraudulent Preference Not Invalidating.**

   A deed of trust for creditors of a partnership, although containing fraudulent preference of a dormant partner, is valid so far as assenting creditors are concerned who did not participate in the fraud.

3. **Same—Fictitious Debt.**

   A deed of trust is not void as against other bona fide accepting creditors because a debt of one of the creditors therein secured is fictitious.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*W. P. Hamblen*, for appellant.

*Votaw, Martin & Chester* and *W. S. Hunt*, for appellees.

Fly, Associate Justice.—Appellant obtained a writ of garnishment against L. J. Smith in the matter of a debt due by J. Frank & Co. to appellant. The garnishee answered that he was indebted to the defendant in a certain sum, but that prior to service of the writ of garnishment the defendant had made, executed, and delivered to W. S. Davidson, as trustee, who had accepted the same, a certain deed of trust, wherein he had conveyed to said trustee certain personal property, notes, and accounts due him, the indebtedness of the garnishee being included in said deed of trust, which was attached to and made a part of the answer. He asked that the trustee and one Abe Stiewell, who claimed to have bought the account due by the garnishee from the trustee, be made parties. The answer was controverted by appellant on the ground that L. Frank had executed the deed of trust to defraud his creditors. The following exceptions to the pleading contesting the answer of the garnishee were filed by the trustee and Stiewell:

"First. That the matters and things alleged in said contest constitute no cause of action against this defendant, and of this he prays judgment of the court.

"Further answering, he demurs specially to the said contest, and says that the matters and things alleged therein show that plaintiff has invoked the wrong remedy in this proceeding in order to subject the indebtedness of the garnishee, L. J. Smith, to the payment of plaintiff's demand.

"Second. Because this proceeding by garnishment is in the nature of a suit at law, and can not be resorted to for the purpose of inquiring into and settling conflicting trust estates or determine the ownership of property rights growing out of fraudulent transfers and assignments.

"Third. Because the allegations made in the contest show that if the defendant A. Stiewell's claim was fictitious, that this defendant as trustee under said deed of trust is still the owner of said claim against L. J. Smith, and that he holds the same trust for the bona fide creditors mentioned in said deed of trust.

"Fourth. Because the contest of plaintiff filed herein shows upon its face that there was a larger number of bona fide creditors who accepted under said deed of trust, by reason whereof said deed of trust was a valid instrument; and that defendant as trustee holds all the property and accounts conveyed for the benefit of said creditors.

"Fifth. Because the contest does not show that there are not bona fide creditors who accepted the terms of said deed of trust, and because said contest only shows that there are some creditors whose claims against J. Frank & Co. were fictitious, whereof this defendant says that said contest filed by plaintiff herein shows upon its face that the alleged indebtedness of the said L. J. Smith, garnishee, can not be subjected to his demands, all of which things this defendant prays the judgment of the court."

Special exceptions numbered 3, 4, and 5, and the general demurrer were sustained, and the other exceptions were overruled. A trial amendment was then filed by appellant, in which it was alleged that the firm of J. Frank & Co. consisted of J. Frank and E. Lowenstein, and that in the deed of trust it was expressed that J. Frank alone composed the firm, in order that said Lowenstein might be used as a creditor and her property concealed. It was further alleged that Abe Stiewell conspired with J. Frank to leave the name of Lowenstein out as a partner, and that the deed of trust was fraudulent by reason of her signature not being attached to it. The same special exceptions and general demurrer were sustained to the trial amendment.

The deed of trust was executed by J. Frank, who claimed that he was the sole owner of the mortgaged property, although doing business as J. Frank & Co. It purports that it was given to pay the debts of J. Frank & Co., and it is not attacked on the ground that the property belonged to a partnership, and was mortgaged to pay the individual debts of a partner. The sole ground of attack is that the mortgage is void because Stiewell's debt, which is secured therein, among others, was fictitious, and because one Mrs. Lowenstein was a partner in the firm of J. Frank & Co. and had not signed the deed of trust. It was not alleged that there were no bona fide accepting creditors, and there is no allegation that Mrs. Lowenstein had not accepted under the deed of trust or ratified the same. It is true that it is alleged that the execution of the deed of trust was concealed from Mrs. Lowenstein, but when that answer was filed eighteen months had elapsed, and it being shown that she resided in the same town with Frank, the instrument being recorded immediately after execution, and there being no allegation of protest against the act of J. Frank upon the part of Mrs. Lowenstein, it might well be presumed that she had assented to it. If she did ratify it, it

then became the act of the partnership, if such ratification should be held necessary. This could have been done by parol. Frost v. Wolf, 77 Texas, 455.

It appears from the pleadings that J. Frank managed the entire mercantile business, and the debts being those of the firm, and there being no allegation of fraud as to Mrs. Lowenstein, we are of the opinion that Frank had the power and authority to execute the deed of trust to secure such debts, without the assent of Mrs. Lowenstein. Schneider v. Sansom, 62 Texas, 201; Johnson v. Robinson, 68 Texas, 399.

As before stated, there was no allegation that there were no bona fide creditors that had accepted under the deed of trust, and it could not be presumed in aid of the pleading that there were none, and that there had been no acceptance. If there was one creditor who did not participate in the fraud, and who had accepted under the instrument, the fraud of everyone else connected with the instrument would not vitiate it. Kraus v. Haas, 6 Texas Civ. App., 665; Sutton v. Simon, 91 Texas, 638.

It follows that although the preference of Mrs. Lowenstein, the dormant partner, as a creditor, may have been fraudulent and void, still the validity of the deed of trust would not be affected thereby so far as consenting creditors, not participating in the fraud, are concerned. Byrd v. Perry, 7 Texas Civ. App., 378.

We are of the opinion that the allegations in the pleading contesting the answer of the garnishee did not show that the deed of trust was void, and did not therefore show a right to recover against the garnishee, and there was no error in sustaining the exceptions.

The judgment will be affirmed.

*Affirmed.*