## FORT SMITH v. F. W. HEITMAN COMPANY.

### Decided November 30, 1906.

**1.—Pleading—Charge—Variance.**

In a suit for the value of certain machinery sold by plaintiff to defendant an allegation in defendant's answer that plaintiff agreed to receive and take back said particular machinery and to credit defendant with the purchase price of the same, would not justify a charge submitting an issue as to whether or not plaintiff agreed to take back any machinery which defendant purchased of plaintiff and did not use, and to credit defendant's account with the value of the same.

**2.—Gratuitous Bailee—Necessary Expenses.**

Where goods are shipped by one person to another without notification or instructions or previous agreement with regard thereto, the consignee becomes the gratuitous bailee for the owner, and the owner would be liable for any reasonable and necessary charges incurred by the consignee for the safe keeping of the goods.

**3.—Expenses—Reasonableness—Pleading—Proof—Charge.**

Where items of expense for storage charges were included in the itemized account sued upon, and there was neither allegation nor proof that the said charges were reasonable, and there was no exception to the pleading or objection to the proof on this ground, the court did not err in submitting the case as it was made by the pleading and proof, and omitting any question as to the reasonableness of said items.

**4.—Letter—Proof of Receipt—Presumption.**

Evidence that the president of a business concern wrote a letter addressed to the proper party and placed it on the mailing table to be mailed by the boy who attended to that business, and that such was the regular custom of the house with regard to mailing letters, will afford a presumption that the letter was properly mailed and was received by the addressee. Such circumstantial evidence is usually the best proof of which such a fact is susceptible after the lapse of a short time.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Fisher, Sears & Sherwood* and *R. W. Franklin,* for appellant.—The charge was erroneous in that it authorized the jury to find for the plaintiff the amount of the charges paid by him to Street & Graves, irrespective of whether or not said charges were reasonable and fair. Schouler on Bailments and Carriers, sec. 53.

Where a copy of a letter, the original of which is claimed to have been mailed to the party against whom it is introduced, is sought to be put in evidence, it is necessary to show delivery to the party against whom it is introduced, which can only be done by showing that the letter was

deposited in the postoffice, properly stamped and addressed. Blake v. Hamburg B. F. Ins. Co., 67 Texas, 160; Scottish American, etc., Co. v. Davis, 74 S. W. Rep., 17; Greenleaf on Evidence, 16 ed., p. 685.

*Hunt & Myer,* for appellee.—A gratuitous bailee is entitled to reimbursement for all expense which it may have been necessary for him to incur for the preservation of the chattel. This is naturally implied in the undertaking, for otherwise his gratuitous act might become a charge upon him. Devalcourt v. Dillon, 12 La. Ann., 672; 3 Am. & Eng. Ency. of Law, 2d ed., 761; Storey on Bailments, secs. 121, 154-193 and 197; Schouler on Bailments, 62.

That the evidence as to the receipt of the letter was sufficient. Oregon Steamship Co. v. Otis (N. Y.), 3 N. E. Rep., 485; Wharton on Evidence, 3 ed., sec. 1330; Greenleaf on Evidence, 15 ed., 177, note 6; Greenleaf on Evidence, 16 ed., p. 685.

REESE, ASSOCIATE JUSTICE.—F. W. Heitman Company sued Fort Smith upon a promissory note for $1,500 and to recover also the amount alleged to be due upon open account, partly for goods sold and delivered by Heitman Company to Fort Smith and partly for money alleged to have been paid by said company for account of storage of certain machinery belonging to him. The open account was verified by affidavit under the statute.

Defendant in his answer, after a general denial, alleged that under a contract with plaintiff he had returned to it certain articles of machinery consisting of nine Morris pumps and two Moore pumps and of the aggregate value of $1,515, for which he was entitled to credit under said agreement, after deducting from the same what the missing parts of said machinery would cost. It was alleged that Heitman Company agreed to receive and accept said machinery and to credit defendant with the purchase price of the same on his indebtedness to plaintiff; that it was further agreed that as some of the parts of said pumps were missing plaintiff should supply the same and charge defendant with the price thereof; that the missing parts were worth $45, leaving $1,470, for which defendant is titled to credit.

As to the open account, defendant under oath denies the items of cash paid for storage, as charged in the account, amounting to $120, and avers that he had tendered to plaintiff $53.75 on the note and $74.78 on the open account which is all that was due at the date of the tender, after allowing him credit for the $1,470 on account of the pumps returned by him, and deducting the overcharge for storage, which plaintiff refused to accept, and defendant in his answer renews the tender.

By supplemental petition plaintiff denied the alleged agreement that the pumps referred to in defendant's answer were to be returned to plaintiff and that the same were so accepted and received by them to be credited upon defendant's indebtedness. It is alleged that the first intimation that plaintiff had that the machinery was to be shipped was the receipt of a notice from the railroad company that there was a carload of machinery at the station which had been shipped by defendant to plaintiff; that plaintiff at once endeavored to get into communication with defendant and after making numerous inquiries learned that

he was out of the city (of Houston); that defendant was at that time a heavy customer of plaintiff and desiring to protect him from demurrage charges plaintiff finally received said car of machinery, and not having room in his warehouse to store the same, stored it at the warehouse of Street & Graves who refused to accept the same for storage unless plaintiff would agree to pay the storage charges. It is averred that plaintiff in receiving and storing the machinery acted purely for the accommodation of defendant, and that defendant never intimated to plaintiff that he considered the property to belong to plaintiff, but on the contrary repeatedly stated to plaintiff that he expected to use the property himself. Plaintiff claims the further sum of $25 for storage charges for the months from June to October, inclusive, paid by him since the filing of its original petition.

The execution of the notes and the indebtedness upon the open account, with the exception of the storage charges, were admitted by defendant and the receipt of the machinery was admitted by plaintiff.

The issue was as to whether there was any agreement that the pumps referred to in defendant's answer should be returned to plaintiff by defendant, and the price thereof, less the price of the missing parts, credited upon his indebtedness, and whether plaintiff received and accepted them in pursuance of this contract. If defendant's contention with regard to this agreement be true he would not be liable for the storage charges.

The issues were submitted to the jury and a verdict returned for plaintiff for the full amount of its demand. From the judgment defendant appeals.

Appellant requested the trial court to give the following charge, which was refused, and the refusal is here assigned as error: "You are charged that if you believe from the evidence that defendant and plaintiff agreed that defendant might return any machinery he might have bought of plaintiff, and which he did not use, and that same would be taken back and credited, as alleged in the answer, then if you further believe that defendant returned the machinery set out in his answer, and that it was part of machinery bought of plaintiff, then you are instructed that plaintiff would not have a right to reject same because he had gone out of the machinery business."

The agreement under which the pumps are alleged by appellant to have been returned is thus stated in appellant's answer:

"And for further answer, this defendant says that on or about the —— day of December, 1902, he delivered to the plaintiff in Houston, Texas, the following described machinery, which defendant had previously bought of the plaintiff, to wit: Nine 8" Morris Vertical Suction Pumps numbered as follows: 30031, 30013, 30373, 30405, 30030, 30404, 30014, 30378, 30377; also two 3 x 2 x 3 Moore Oil pumps; and this defendant delivered said property to plaintiff, and it agreed to receive and accept said pumps and to credit defendant with the purchase price of the same on his indebtedness to the plaintiff.

"Defendant shows that at the time of the making of said agreement he was largely indebted to plaintiff, and said pumps were taken with the express agreement and understanding that the purchase price thereof should be credited against this defendant's indebtedness to plaintiff."

It thus appears that appellant did not rely, so far as shown by his pleadings, upon a general agreement that defendant might return any machinery he might have bought of plaintiff and which he did not use, and that the same should be taken back and credited, as stated in the requested charge, but upon a particular agreement that the pumps set out in the answer might be returned, and that under this particular agreement they were received and accepted by appellee.

We have examined very carefully the pages of the record referred to in appellant's brief for the evidence of any general agreement that appellant was to return any goods bought of appellee which he could not use. The evidence so relied upon is very vague and indefinite as to any particular agreement. Appellant testified that in August or September, 1902, he spoke to F. W. Heitman about returning some pipe and possibly other things which he had bought and could not use, to which Heitman replied: "Don't we always take it back?" This appears to be really the basis for the alleged general agreement and it appears that the pipe, etc., referred to was in fact taken back, but at some discount from the cost price. It is doubtful if the testimony tends to establish such a general agreement to return any machinery sold which appellant did not use, as stated in the requested charge, but if it does, this is clearly not the agreement pleaded, and it was not error to refuse the charge referred to.

The second and third assignments of error, which are based upon the refusal of other requested charges in substantially the same language present the same question and, for the same reason, must be overruled. Both of the requested charges referred to, are based upon an alleged general agreement that appellant might return and appellee would accept, any machinery bought by appellant which he did not use.

In the fifth assignment of error appellant complains of the charge of the court in which the inquiry of the jury is limited to a specific and particular agreement that appellant might return the nine pumps referred to in his answer, and the objection is urged that it takes away from the jury the question of a general agreement that appellee should take back all machinery sold to appellant which he did not use. What has been said likewise disposes of this assignment, which is overruled.

The fourth assignment of error is directed to the following charge: "If you do not believe that the plaintiff agreed to take back the pumps and credit them on the defendant's indebtedness, as defendant alleges, but believe that they were only taken back and stored as defendant's property, then you will find for the plaintiff the full amount of the account and of the note, with interest and attorney's fees on the principal and interest of the note." The first objection to this charge is that it authorizes the jury to allow the storage charges paid by appellee even though appellant had not authorized appellee to store the goods, or agreed to pay for the same. If, in fact, Smith had, as claimed by appellee, shipped the goods to it without notification or instruction, and without any previous agreement with regard thereto, appellee became the gratuitous bailee thereof for appellant, in such case he had a right to store the goods, which is shown to have been necessary for their safe keeping and protection, without further authority from appellant to do so, and appellant would be liable for necessary storage charges actually

paid by appellee. If there was no agreement for the return of the goods, and that is made a condition of the finding of the jury, what was done by appellee in storing the goods was done solely in appellant's interest and for his benefit. Appellee might have refused to have anything to do with the stuff, but having shipped it without notice or instruction of any kind appellant can not avoid liability for storage charges actually paid, on this ground. By his positive act he constituted appellee his bailee without hire or compensation and will not be allowed to impose upon it the additional burden of the payment of the storage charges, which in no way inured to its benefit. (Schouler on Bailments, 62; Story on Bailments, sec. 121; 16 Cyc., 193, and note citing cases.)

The further objection is made to this charge that it authorizes a recovery of the storage charges paid by appellee irrespective of whether they were reasonable and fair. These storage charges are embraced as items in an itemized statement along with articles of merchandise sold, as cash paid to Street & Graves, for storage. There are no allegations in the petition as to their being reasonable and fair. The evidence was in accordance with the allegations of the petition, which was not in any way excepted to, either by general demurrer or special exceptions. The charge submitted the issue as it was pleaded and proven without objection, and it was not necessary that it should have gone farther.

As to the items of $10 and $15 paid after appellee had been notified by appellant, on March 13, 1905, that the machinery did not belong to appellant, it appears that the first of said payments was made on March 16 and embraced the storage charges for the months of January and February, for which appellee had become personally liable under its contract with Street & Graves. The jury having found the facts constituting appellee a gratuitous bailee, appellant can not avoid the payment of any of the storage charges paid, while he insisted upon leaving the property in the hands of appellee and refused himself to take charge of it.

Appellee claimed to have written a letter to appellant dated June 23, 1903, in which reference is made to Street & Graves' charges for storage. The letter clearly conveyed the information that the property referred to was held as the property of appellant, who testified that he did not receive this letter and that he heard nothing of the storage charges until January, 1904. Appellee offered in evidence a copy of the letter, which was objected to on the ground that the original was neither procured nor accounted for, and that there was no competent evidence of its delivery. Appellee made the statement that the letter was offered "not that Fort Smith got it, but that it was written," and the court admitted it "as a circumstance." This leaves the matter in a very vague and uncertain condition. Assuming that the letter was only to be considered as evidence that it was written, this fact was not controverted, but we can not see its relevancy as thus presented. The letter was evidently offered and considered, as appears from the statement of facts, in connection with evidence introduced tending to show that it was mailed and presumptively received by appellant, and we shall so treat it. The evidence on this point was that F. W. Heitman, appellee's president, wrote the letter and placed it on the mailing table to be mailed by the boy who attended to that business. The testimony further

showed that this was the custom of appellee with regard to mailing letters. Heitman testified, in fact, that the letter was mailed but his response to a question by appellee showed that what he really meant was that, as was the custom in appellee's business with regard to mailing letters, he wrote and signed it and put it on the mailing table to be mailed by the boy who attended to such business.

We think these facts afforded a presumption that the letter was mailed and properly mailed, that is, with the necessary postage affixed. With regard to the correspondence of an ordinary business concern such as appellee, it would be ·only by the merest chance that it would be possible in any case, after the lapse of much less time than in the present case, to prove by direct evidence that a letter shown to have been written was deposited in the postoffice properly addressed and stamped. It is true that a letter will not be presumed to have been received unless this is shown, but we think this fact of proper mailing may be shown by circumstances, and that the regular and settled custom of a business house with regard to the disposition of letters sent out by it through the mail would be admissible as such a circumstance, and sufficient to uphold an inference by the jury that such letter was regularly mailed, that is, deposited in the postoffice, properly addressed and stamped, and was received by the addressee. (2 Wharton on Evidence, sec. 1330; 16 Cyc., 1068, note 50; Lawrence Bank v. Raney & Berger Iron Co., 77 Md. 321 (26 Atl. Rep., 119); Whitney Wagon Works v. Moore, 61 Vt., 239 (17 Atl. Rep., 1007); Hastings v. Brooklyn Life Ins. Co., 138 N. Y., 473 (34 N. E. Rep., 289).

The seventh assignment of error is without merit. The testimony quoted in appellant's brief does not tend to show that appellee urged it as an excuse or reason for not receiving the machinery that it had gone out of the machinery business.

What has been said disposes also of the eighth assignment of error complaining of the refusal of appellant's motion for a new trial.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.