Trezevant & Cochran v. R. H. Powell & Company et al.

Decided June 4, 1910.

### 1.—Promissory Note—Partnership—Endorser—Mistake.

In an action upon a promissory note against two parties as partners and against a third party as endorser, an answer by the endorser, in substance, that at the time he endorsed the note he did not know that the partnership had been dissolved; that in endorsing the note he relied upon the integrity of the partner who had withdrawn from the partnership; that the plaintiff knew of the dissolution of said partnership and knew that the endorser did not know of that fact, and intentionally withheld the information for the purpose of securing his endorsement, held, not subject to general demurrer on the ground that an endorsement by mistake can not avail against a bona fide holder of a promissory note.

### 2.—Notice by Mail—Presumption.

The rule is that a letter will not be presumed to have been received by the addressee unless it is shown that it was deposited in the postoffice properly addressed and stamped, but these facts may be shown by circumstances. This rule applied in a question of notice of the dissolution of a partnership.

### 3.—Charge—No Issue.

In an action upon a promissory note executed by a partnership and endorsed by a third party, there being no evidence to sustain a finding that the plaintiffs, payees in the note, had any notice that the endorser at the time he endorsed the note did so without knowledge that the partnership had been dissolved, it was error for the court to charge the jury in effect that if plaintiffs knew that the partnership had been dissolved at the time they took the note, they could not recover against the endorser.

### 4.—Promissory Note—Preexisting Debt—Valuable Consideration—Endorser.

Where a creditor takes a promissory note from a partnership in satisfaction of a pre-existing debt, he is a holder for value; and when he does so without notice of the fact that one who endorsed the note did so without knowledge that the partnership had been dissolved, he is a bona fide holder for value and would be entitled to recover against the endorser, even though he would not be entitled to recover against the partner who had retired from the firm because he had notice of the dissolution of the partnership before the execution of the note.

### 5.—Practice—Judgment Non Obstante Veredicto.

Although a case is tried before a jury and a verdict rendered, it is the duty of the trial court, when there is no conflict in the evidence and the case is fully developed, to render judgment in favor of the party entitled thereto under the law and the evidence, notwithstanding the verdict.

### 6.—Appeal—Rendition of Judgment—Practice.

When an appellate court reverses the judgment of the trial court and there is no matter of fact necessary to be ascertained and the amount of damages is fixed, it is the duty of the appellate court to render such judgment as should have been rendered by the trial court.

Appeal from the County Court of Angelina County. Tried below before Hon. J. T. Maroney.

*Crane, Seay & Crane,* for appellants.—Appellants having had business dealings with the firm of R. H. Powell & Co. during the time that N. G. Charlton was a member thereof, to defeat appellants' re-

covery against the said N. G. Charlton it was necessary to show not only that Charlton was not a member of the firm at the date the note in suit was executed but that appellants had actual notice of Charlton's withdrawal therefrom. The court, therefore, erred in limiting appellants' right to recover against Charlton to the issue of a dissolution of the firm prior to the execution of the note. Tudor v. White, 27 Texas, 584; Laird v. Ivens, 45 Texas, 625; Davis v. Willis, 47 Texas, 154; Gilbough v. Stahl Bld. Co., 16 Texas Civ. App., 448; Gilchrist v. Brande, 15 N. W., 824.

It appearing that appellants had taken the note in suit in payment of a preexisting debt, they were bona fide holders thereof; and it further appearing that they, at the time they accepted said note, were ignorant of the circumstances under which the appellee, C. A. Burke, endorsed same, they were entitled to a judgment against said endorser. Blanchard v. Stevens, 57 Mass., 162; Marks v. First Natl. Bank, 58 Am. Rep., 620; Haugan v. Sunwall, 62 N. W., 398; American Natl. Bank v. Cruger, 91 Texas, 446; Helms v. Wayne Agricultural Co., 38 Am. Rep., 147; Anderson v. Warne, 22 Am. Rep., 83.

*Martin Feagin,* for appellee.—One accepting a promissory note with full acquaintance with all of the facts pertaining thereto can not stand upon the ground that he is a bona fide holder of such note, and where such facts are peculiarly within his knowledge it is the duty of the acceptor of such promissory note to inform an indorser of the true facts pertaining thereto, and especially when such acceptor seeks and solicits the principal to give him such note in satisfaction of an indebtedness owing by the principal to the acceptor of such note, and to secure indorsements for the benefit of the acceptor of such note. Daniel on Neg. Instruments, secs. 174, 769, 850, 853; Standard Oil Co. v. Arnestad, 34 L. R. A., 861.

PLEASANTS, CHIEF JUSTICE.—Appellants, J. T. Trazevant and Sam P. Cochran, composing the firm of Trezevant & Cochran, brought this suit against the firm of R. H. Powell & Co., a firm composed of R. H. Powell and N. G. Charlton, and against C. A. Burke, to recover upon a promissory note for the sum of $669.87 alleged to have been executed by said firm of Powell & Co. and endorsed by C. A. Burke.

The defendant, R. H. Powell, filed no answer. The defendant, N. G. Charlton, answered by general demurrer and general denial, and by special answer under oath averred that he was not at the time of the execution of the note sued upon, nor was he at the time of the suit, nor was he for a long time prior to the execution of said note, a member of the firm of R. H. Powell & Co., and he further pleaded that appellants had notice of this fact. He further answered that he did not execute the note sued upon, and that he was not interested in, and did not authorize the use of his name, influence, or credit, nor make any obligation, nor authorize any other person to make any obligation for him by which he could be bound, or otherwise, with the appellants or any other person, as a member of the firm of R. H. Powell & Co., and that if said note was made and accepted on the faith of his credit, or on the representation that he was a member of

the firm of R. H. Powell & Co., said representations, if any, were false and unauthorized on his part, all of which appellants well knew at the time said obligation was created.

The defendant Burke answered by general demurrer, general denial, and specially pleaded that at the time of the execution of the instrument sued upon he "endorsed the note as surety with the distinct understanding that the firm of R. H. Powell & Co. was composed of the constituent members, R. H. Powell and N. G. Charlton, and that had he known that said firm was not so composed, he would have refused to have become surety on said note for R. H. Powell only, for that he reposed great confidence in the said N. G. Charlton and in his integrity, and looked to him to protect said instrument, and endorsed said note as surety as aforesaid by reason of said great confidence in said N. G. Charlton, and that at said time he had the right to believe that the said Charlton was still a member of said firm, having known theretofore that said Charlton was such member, and that there had been no notice of any character given of the withdrawal of said Charlton from said firm; and further, the defendant herein shows to the court that the plaintiffs herein were well aware of the withdrawal of said Charlton from said firm, which said matter was wholly unknown to the defendant herein, and that said plaintiffs herein, as well as said Powell and Charlton, withheld all information of the withdrawal of said Charlton from said firm, whereby the said Burke was induced to endorse it as surety for the said R. H. Powell & Co., and that therefore such endorsement was for a different concern from that for which he endorsed; wherefore, he says that by reason thereof he can not be held hereon."

The defendant further pleaded that in the event appellants recovered against him as endorser and surety, that he, Burke, should have judgment against R. H. Powell and N. G. Charlton jointly and severally for such an amount as might be found against him.

Plaintiffs, in a supplemental petition, interposed general and special demurrers to each of said answers, which were by the court overruled; and answered further that on or about the date when the note in suit was executed the firm of R. H. Powell & Co. was indebted to plaintiffs in the sum stated in the note. That on or about said date, plaintiffs called upon the firm of R. H. Powell & Co. to pay the amount due aforesaid, and that plaintiffs in payment of said indebtedness, accepted of the said firm of R. H. Powell & Co. said note. That plaintiffs were in nowise connected in securing the endorsement of the defendant Burke. That the defendant, R. H. Powell, procured the endorsement of Burke and that plaintiffs knew nothing of the alleged circumstances pleaded by the defendant, C. A. Burke, until after the maturity of said note.

Plaintiffs further alleged that if the defendant, C. A. Burke, through fraud of the defendant Powell, if any, was induced to endorse the note, that plaintiffs were innocent and had no knowledge or notice of said fraud, if any, and in no wise participated in or were parties thereto. That, therefore, plaintiffs were innocent holders of said note for value, and were in no wise responsible or liable for any fraud on the part of the defendant, R. H. Powell, in procuring the signature

of the defendant Burke, nor was said fraud, if any, imputable to plaintiffs.

A trial was had before a jury which resulted in a verdict in favor of plaintiffs against the defendant, R. H. Powell, and in favor of the defendants N. G. Charlton and C. A. Burke.

From the judgment rendered in favor of the defendants Charlton and Burke in accordance with this verdict, the plaintiffs prosecute this appeal.

The first assignment of error complains of the action of the court in overruling plaintiffs' general demurrer to the answer of the defendant Burke. The proposition advanced under this assignment is that "in an action by a *bona fide* holder of a promissory note against an endorser thereon, an answer by the latter setting up the fact that he gave his endorsement through mistake, constitutes no defense."

This proposition abstractly considered is unquestionably sound, but we think the answer of defendant Burke contains more than the simple averment "that he gave his endorsement through mistake." It is averred in said answer that plaintiffs "were well aware of the withdrawal of said Charlton from said firm, which said matter was wholly unknown to defendant herein, and that plaintiffs, as well as said Powell and said Charlton, withheld all information of the withdrawal of said Charlton from said firm, whereby the said Burke was induced to endorse as surety for said R. H. Powell & Co." We think, as against a general demurrer, this averment should be construed as intending to aver that plaintiffs, with knowledge of defendant's ignorance of the withdrawal of Charlton, intentionally withheld from the defendant information of such fact and thereby induced defendant to endorse the note. The averment is not clear and definite and would be subject to special exception on this ground, but under the rule which requires that, as against a general demurrer, every reasonable intendment should be indulged in favor of the pleader, we think the court did not err in overruling the demurrer.

Upon the issue of whether plaintiffs, at the time they accepted the note from Powell & Co., knew that defendant Charlton had withdrawn from said firm, the defendant Powell, as a witness for the defendant Charlton, was permitted, over the objections of plaintiffs, to testify that he dictated a circular letter notifying the correspondents of the firm of Charlton's withdrawal, and instructed his, witness's brother to mail out copies to all of the parties theretofore doing business with said firm, including plaintiffs. There was no evidence that a copy of this letter was ever received by or mailed to plaintiffs. This testimony was inadmissible. The rule is that a letter will not be presumed to have been received by the addressee unless it is shown that it was deposited in the postoffice properly addressed and stamped. In the case of Fort Smith v. Heitman, 44 Texas Civ. App., 358 (98 S. W., 1074), this court held that the fact that a letter was so addressed stamped and deposited in the postoffice could be shown by circumstances. In that case it was shown that the letter was signed and placed on the mailing table in the office of a large business establishment. That this was the uniform custom in said office and that it was the duty of one of the employees of the office to daily take all

of the mail from this table and deposit same in the postoffice. The facts of that case clearly distinguish it from this. There is no evidence of any custom in regard to the mailing of letters from the firm, and it is not even shown that the brother of Powell, who was told by him to mail the letter, was an employee of the firm.

The letter written by Powell & Co. to George Hanway, plaintiffs' agent at Dallas, was also inadmissible for the reason above indicated.

The evidence raises the issue of whether plaintiffs, at the time they took the note, knew that Charlton had withdrawn from the firm, or had knowledge of facts sufficient to put them on notice of such withdrawal, but there is no evidence to sustain a finding that they had any notice that Burke, at the time he endorsed the note, did so in the belief that Charlton was a member of the firm. Under this state of the evidence it was error to charge the jury in effect that if plaintiffs knew that Charlton had withdrawn from the firm at the time they took the note they could not recover against the defendant Burke.

Having taken the note in satisfaction of a preexisting debt they were purchasers for value, and if they had no notice of the fact that Burke had endorsed the note believing that Charlton was a member of the firm, they are *bona fide* holders for value and would be entitled to recover against Burke even though they may have known that Charlton was not a member of the firm and would not therefore be entitled to recover against him. American Natl. Bank of Austin, Texas, v. Cruger, 91 Texas, 446; Sutton v. Simon, 91 Texas, 638.

It is unnecessary to consider the several assignments of error in detail. For the reason indicated the judgment of the court below in favor of Charlton and Burke is reversed and the cause remanded for a new trial with instructions that if upon another trial the evidence is the same upon the issue of whether the plaintiffs knew at the time they took the note that defendant Burke had endorsed same believing that Charlton was a member of the firm, a verdict should be instructed in plaintiffs' favor against said defendant. The judgment against Powell is undisturbed.

ON MOTION FOR REHEARING.

Appellants have filed a motion for rehearing in which they contend that we erred in our judgment rendered herein on April 7, 1910, in remanding the cause for new trial upon the issues joined between appellants and the appellee Burke. Upon a re-examination of the record we have reached the conclusion that this contention is sound. It appears from the record that the case was fully developed on these issues, and, there being no conflict in the evidence, the trial court, under the rule of law announced in our former opinion, should have rendered judgment in favor of appellants against said appellee.

Having reversed the judgment of the court below, and there being no matter of fact necessary to be ascertained, and the amount of damages being fixed, it was the duty of this court, under article 1027, Sayles Civil Statutes, to render the judgment that should have been rendered in the court below. It follows that the motion for rehearing should be granted and so much of our former judgment as remands

the cause for a new trial as between appellants and appellee Burke, should be set aside and judgment here rendered in favor of appellants against said appellee for the sum of $597.53, with interest thereon from January 22, 1909, at the rate of 10 percent per annum, this being the amount found by the court below to be due upon the note of defendant R. H. Powell in favor of appellants upon which defendant Burke is endorser. That portion of the former judgment of this court remanding the cause for a new trial as between appellants and appellee Charlton and between appellees Charlton and Burke is undisturbed.

*Reversed and rendered in part, and remanded in part.*