SOUTHERN PINE LUMBER CO. v. NEMER et al. (No. 9289.)

Court of Civil Appeals of Texas. Galveston. May 10, 1929.

R. E. Minton, of Lufkin, for appellant.
A. M. Barton, of Palestine, and Paul S. Colley, Jr., of Dallas, for appellees.

LANE, J. This suit was brought by Saba Nemer and A. Sawyer against the Southern Pine Lumber Company to recover judgment for the following named several sums: $578 for the value of merchantable timber cut from lands owned by plaintiffs; $500 for the value of young timber cut from said lands; and $500 for alleged damages to said land by reason of defendant's trespass upon the same.

Defendant answered by a general demurrer, special exceptions, a general denial, and by a plea of contributory negligence on the part of plaintiffs in that they failed to remove the timber cut by defendant and sell the same.

The cause was tried before the court without a jury. Defendant's general demurrer and special exceptions were overruled, and judgment was rendered for the plaintiffs for the sum of $150. The defendant has appealed.

In response to the request of the defendant, the trial judge filed the following findings of fact and conclusions of law:

"Findings of Fact.

"That for many years and prior to December, 1922, the plaintiffs were the owners in fee simple of one hundred eighty two acres of land on the Killion survey in Anderson County, Texas, and other tracts of land aggregating three hundred, more or less, on the M. Ellis survey in Anderson County, Texas.

"That the pine timber on said various tracts of land owned by plaintiffs was sold by them after said date to different parties. That the Southern Pine Lumber Company, the defendant, by purchases of grantees of plaintiffs became the owner of the timber situated on the land of plaintiffs. That the time for cutting said timber and removing same from the land was about to expire during the summer of 1925 and that the defendant began negotiations with the plaintiffs for an extension of time for the cutting of said timber.

"Negotiations finally resulted in the purchase by the defendant from the plaintiffs of a tract of land on the M. Ellis survey, containing the best timber.

"That as a part of the considerations for the purchase of said land the defendant agreed to release the timber on all other lands belonging to the plaintiffs not so purchased.

"I find that Adam Cone and D. C. Kenley represented the defendant in these negotiations. That both D. C. Kenley and Adam Cone represented to the plaintiffs that the timber on the land not purchased would be released to them, and the plaintiffs relied on such representations and executed the deed to the lands.

"That after the purchase of the land and timber on the Ellis survey the defendant went on the Killion survey and cut the timber, which under the agreement and sale contract had been released.

"That 50,000 feet of timber was cut and that the market price of said timber was $3.00 per thousand.

"Conclusions of Law.

"I conclude as a matter of law that the plaintiffs are entitled to judgment against the defendant for One hundred & fifty ($150.00) Dollars for the timber so cut."

By the plaintiffs' original petition, they alleged that on the 15th day of October, 1925, they were the owners and in lawful possession of certain land, which is described by metes and bounds; that on said day and year there was growing certain timber on the land, and that on said day and year they were the owners of such timber, and that on said date defendant, without their knowledge or consent, unlawfully entered upon the land and cut the timber growing thereon to their damage, etc.

In their first-amended petition, upon which they went to trial, evidently intending to repeat the allegations relative to the dates of their ownership of the land and timber and

the cutting of the timber by defendant, as set out in their original petition, plaintiffs alleged that on the 15th day of *October, 1926,* they were the owners of the land and timber and that defendant cut the same on October 15, 1925.

The general demurrer addressed to the amended petition is in these words: "That plaintiffs' First Amended Original Petition, now on file herein, is insufficient in law and of this it prays judgment of the court."

By its first assignment appellant insists that the court erred in overruling its general demurrer. Appellant contends that, since by the amended petition upon which the plaintiffs went to trial they had alleged that they were the owners of the land and timber on October 15, 1926, and that *on said October 15, 1925,* the defendant unlawfully cut the timber, for the value of which they sue, there was no allegation that plaintiffs owned the land and timber on the 15th day of October, 1925, the time it was cut, and therefore the petition was subject to the general demurrer addressed to it.

■■■ We think the general demurrer was properly overruled. It is true that the abandoned petition cannot be looked to to supply deficient or erroneous allegations in the trial petition; but we think the apparent clerical error in stating that the plaintiffs owned the land and timber on the 15th day of October, 1926, instead of October 15, 1925, is substantially corrected by other averments in the amended petition.

After alleging in the fourth paragraph of this amended petition that defendant had unlawfully cut certain timber on *said* 15th day of October, *1925,* the plaintiffs further alleged in such paragraphs that defendant had by such act converted the timber to its own use and *deprived plaintiffs of the value of the same;* that defendant had cut other timber and left it on the ground to rot, where it became useless and valueless to plaintiffs, whereby the defendant *deprived plaintiffs of the value thereof.* And again: That by such acts plaintiffs were *deprived of the benefit and value of such timber to which they were lawfully entitled,* and that by the unlawful trespass, the cutting and destruction of the timber by defendant, *plaintiffs have been damaged* in the several sums sued for.

The plain inference from the pleadings is that the land and timber at the time it was cut and appropriated by defendant to its use, or cut and allowed to rot, belonged to the plaintiffs, and it cannot, we think, be said that they are wholly defective, or such as could be reached by a general demurrer, because when a pleading is attacked by general demurrer, every reasonable intendment will be indulged in its favor, and it is clearly a reasonable intendment that the plaintiffs were suing for the value of timber belonging to them and of which they had been deprived by the defendant.

On general demurrer a pleading should be liberally construed, and all reasonable inferences from the facts alleged therein as a whole should be made in aid thereof. St. Louis Southwestern Ry. Co. v. Rollins (Tex. Civ. App.) 89 S. W. 1099; Brackenridge v. Claridge (Tex. Civ. App.) 42 S. W. 1005; Landrum v. Stewart (Tex. Civ. App.) 111 S. W. 769; Ramon v. Saenz (Tex. Civ. App.) 122 S. W. 928; Trezevant & Cochran v. R. H. Powell & Co., 61 Tex. Civ. App. 449, 130 S. W. 234; Gibbens v. Bourland (Tex. Civ. App.) 145 S. W. 274; National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325; Hoechten v. Standard Home Co. (Tex. Civ. App.) 157 S. W. 1191.

It is no error to overrule a general demurrer to a petition the allegations of which are sufficiently full to apprise the defendant of what it would be called on to defend against. M., K. & T. Ry. Co. v. Farris (Tex. Civ. App.) 120 S. W. 535.

■ Appellant's assignments 2, 3, 4, 5, and 6, respectively, are as follows:

"2. The court erred in his finding of fact No. One.

"3. The court erred in his finding of fact No. Two.

"4. The court erred in his finding of fact No. Three.

"5. The court erred in his finding of fact No. Four.

"6. The court erred in his finding of fact No. Five."

The only proposition presented as being germane to this group of assignments is designated in appellant's brief as "First Proposition" and is as follows:

"The proof fails to sustain the judgment because it is shown that the plaintiffs were the owners of the timber on October 15, 1926, but that the timber was all cut by November 2, 1925. (Germane to assignments of Error Nos. 1, 2, 3, 4, 5, and 6, Tr. p. 18.)"

As already shown, the court found by its findings of fact Nos. 1, 2, 3, 4, 5, and 6, respectively: (1) That appellees were the owners of several tracts of land in Anderson county in December, 1922, and had been such owners for many years prior to such date; (2) that appellees sold the timber on these several tracts to different parties and that such parties sold the same to appellant, and that, as the time allowed by the terms of such sale for the removal of the timber was about to expire in the summer of 1925, appellant began negotiations with appellees for an extension of time for such removal; (3) that such negotiations finally resulted in the purchase by appellant from appellees of a tract of land on the Ellis survey; (4) that, in part consideration for the land so purchased, appellant agreed to release all the timber on all other tracts belonging to appellees; (5) that Adam Cone and D. C. Kenley represented the appellant in the negotiations which resulted in the sale of the land by appellees to appel-

lant, and that, as a part of the consideration for the conveyance of the land to it, appellant agreed that the timber on all other lands of appellees would be released from the former timber sale; and (6) that, after the purchase of the land on the Ellis survey and the release of the timber on the other tracts of land, appellant went upon such other tracts and cut timber thereon to appellees' damage in the sum of $150.

By article 1844, Revised Statutes of 1925, relative to assignments of error, it is provided that, before the transcript shall be taken from the office of the clerk of the trial court, the appellant shall file with such clerk assignments of error distinctly specifying the grounds on which he relies, and that all errors not distinctly specified are waived, but that an assignment shall be sufficient which directs the attention of the court to the error complained of.

By rule 25 promulgated by our Supreme Court for the guidance of the Courts of Civil Appeals, it is provided that, for an assignment to be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of in such manner as to identify it; and by rule 26 it is provided that assignments which are expressed only in general terms, as that the court erred in its ruling, or that the verdict is contrary to law, and the like, without referring to and identifying the proceedings, will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified.

In Blain v. Blain (Tex. Civ. App.) 43 S. W. 66, it is held that, where assignments fail to point out in what particular the act complained of constituted error, it will be considered too general; and in Stone v. Stitt, 56 Tex. Civ. App. 465, 121 S. W. 188, as in many other cases, it is held that the courts will not consider assignments of error when the grounds of complaint are not set out therein, nor in the statement thereunder.

It is clear that the assignments 2 to 6, inclusive, themselves do not point out in what particular the court erred in its findings of fact, and it is equally as clear that the statement under the proposition claimed to be germane to the assignments does no more than to point out the evidence showing that appellees owned the timber in question on October 15, 1926, and that it was cut by appellant on or about October 15, 1925. There is no attempt made to show that the evidence does not support the finding of the court that appellees owned the timber in October, 1925, or at the time it was cut by appellant, or other findings of the court attacked by the assignments. We do not think the assignments are entitled to a consideration; but, if considered, none of them could be sustained.

One cannot read the record as a whole without becoming clearly convinced that it shows that the time which appellant had in which to remove the timber under a former contract was about to expire in the summer of 1925; that realizing this fact, it began negotiations with appellees, and no one else, for relief, and to accomplish its purpose, it, through its agent, D. C. Kenley, wrote the following letter, which was introduced in evidence:

"Southern Pine Lumber Company

"Manufacturers of

Yellow Pine and Hardwood Lumber.

"Timber and Land Department

"D. C. Kenley, Civil Engineer.

"Diboll, Texas, June 3, 1925.

"Mr. Adam Cone, Palestine, Texas. Dear Sir: Find enclosed a deed which is self explanatory. You suggested when I was there that Sawyer and Nemer probably didn't understand what I offered them.

"I have made up this deed and also attaching a plat showing the land that is covered, and I was just going to ask you, if you didn't mind it, to take it down there and show it to them, and if they care to execute it, you can go to the Royall National Bank and draw on us with the deed attached for the money.

"I didn't want to bother them about it, but I felt surely they didn't understand it or they couldn't refuse the money. So, as soon as you do that, kindly wire me collect as to whether they accept or reject it.

"The party that I had made a deal with to haul the timber has been delayed and has just now got ready to start cutting the timber, and I held him up yesterday until tomorrow to start his team up there, so be sure and wire me either way collect, if the same should be accepted or rejected.

"Very truly yours,

"D. C. Kenley."

The letter clearly shows that appellant was conceding in June, 1925, that appellees owned the land and would soon own the timber thereon unless it could get some relief from the time limit of its former contract. It was not only negotiating for a purchase of a part of the land, but it accepted a deed from appellees therefor. There was also much evidence, independent of the letter, showing that in 1925, prior to October 15th, appellant was negotiating with appellees for the purchase of the tracts of land which were finally conveyed to it, as shown by the letter. We think the findings of the court complained of by the assignments are all supported by sufficient evidence.

■ It is apparent from the proceedings as disclosed by the record as a whole that the only issue in the case during the trial, outside of the question of damages, was whether or not appellant had agreed to release its claim on the timber in part consideration for the conveyance to it of a certain tract of

land by appellees. Appellant cannot shift its position on appeal.

Having reached the conclusion that there has not been shown that any reversible error was committed in the trial of the cause, the judgment is affirmed.

Affirmed.