## GHOLSON v. THOMPSON.   (No. 298.)

Court of Civil Appeals of Texas.   Eastland.
June 4, 1927.

Rehearing Denied Sept. 29, 1927.

**1. Pleading ⬩111—Plaintiff must clearly plead and prove exceptions to deprive defendant of right to be sued in county of his residence.**

To deprive defendant of right to be sued in county of his residence, plaintiff must clearly plead and prove exceptions relied on by him.

**2. Venue ⬩22(1)—To sue in county where only one defendant resides, plaintiff must prove joint cause of action or causes so intimately connected that they could properly be joined.**

To maintain suit in county wherein only one of two defendants resides, plaintiff must prove joint cause of action against both, or at least a cause of action against resident defendant so intimately connected with that against nonresident that two could properly be joined under rule intended to avoid multiplicity of suits.

**3. Venue ⬩22(1)—Cause of action against resident defendant, authorizing joinder of cause of action against nonresident, must be one pleaded by plaintiff.**

Cause of action against resident defendant, authorizing joinder of cause of action against nonresident defendant to avoid multiplicity of suits, must be one pleaded by plaintiff, not a different cause of action developed by evidence on trial of plea of privilege.

**4. Pleading ⬩111—Facts not set out in plea controverting plea of privilege cannot be considered (Rev. St. 1925, art. 2007).**

Specific facts, relied on to confer venue, must be set out in plea controverting plea of privilege, and no other facts can be considered under Rev. St. 1925, art. 2007.

**5. Venue ⬩22(1)—Escrow contract, entitling seller of oil royalty to sue buyer for breach of contract outside county of his residence, in county of codefendant bank's domicile, held not shown.**

Buyer's deposit of cashier's check with bank for indorsement to seller, if title to latter's oil and gas royalty was acceptable to buyer, *held* not to entitle seller to sue buyer for breach of contract outside county of his residence in county of bank's domicile; there being no escrow contract between seller and buyer, even if one representing that money was placed in bank as seller's security, to be paid him when he executed new deed, was buyer's agent.

**6. Escrows ⬩1—Contract between parties is essential to valid "escrow."**

A contract between the parties is essential to a valid "escrow."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Escrow.]

**7. Escrows ⬩4—Deposit must be irrevocable to constitute valid "escrow."**

To constitute a valid "escrow," the deposit must be made in such manner as to be irrevocable.

**8. Escrows ⬩4—To constitute valid "escrow," deposit must pass beyond depositor's control and escrow agent must have dominion to dispose of it according to contract.**

To constitute a valid "escrow," thing deposited must pass beyond depositor's control, and escrow agent must have dominion over it to dispose of it according to terms of contract under which deposit is made.

**9. Venue ⬩18—Defendant cannot be denied privilege of being sued where he resides on doubtful construction of statutory exception.**

Defendant cannot be denied privilege of being sued where he resides on a strained or doubtful construction of exceptional statutory provision.

**10. Banks and banking ⬩119—Relationship between bank and depositor must be determined by terms of deposit agreement.**

Relationship between bank and depositor must be determined by terms of agreement under which deposit was made, in absence of subsequent agreement between them.

Appeal from District Court, Eastland County.

Action by John M. Gholson against Will Thompson and another. From a judgment sustaining named defendant's plea of privilege, plaintiff appeals. Affirmed.

Levy & Evans, of Fort Worth, for appellant.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellee.

HICKMAN, J. The appeal is from a judgment sustaining the plea of privilege of appellee Will Thompson, to be sued in Navarro county, the county of his residence. Appellant, John M. Gholson, was the owner of an undivided interest in the oil and gas royalty under a certain mining lease covering 80 acres of land in Stephens county. He agreed to sell this interest to appellee Thompson for $5,000. The negotiations for the deal were carried on between G. D. Chastain, of Ran-

ger, the home of appellant, and W. F. Nenney, of Ranger and Corsicana. Appellant claims that Nenney was the agent of appellee Thompson, and said appellee claims that he was the agent of appellant. It will not be necessary for us to determine that issue. There were no negotiations whatever directly between Gholson and Thompson personally. They never met during the transactions. The contract of sale was made by telegrams passing between Chastain and Thompson and Nenney. A deed was prepared, conveying the interest from appellant to Thompson. Nenney and appellant went together to the Ranger State Bank, where Nenney drew a check, or customer's draft, in favor of appellant upon a bank in Corsicana, signing the name of Thompson to the check or draft, by W. F. Nenney, agent. The deed was attached to the draft and forwarded by said bank through the usual channels to the Corsicana bank. Upon the faith of this draft the Ranger Bank credited the account of appellant with $5,000. On the same day appellant left Ranger for New York, and was away for about 10 days. This draft was turned down at the Corsicana bank by Thompson; but before it reached the Ranger Bank on its return, Thompson came to Ranger in person.

The facts upon which appellant claims to have a cause of action jointly against the Ranger State Bank and Thompson are based upon transactions subsequent to the time Thompson came to Ranger; but the foregoing facts have been recited to show the history of the transaction and the relation of the parties. Appellant was still in New York when Thompson came to Ranger. Thompson claimed that he was not satisfied with the form of the deed which had been executed by appellant; but the deed was not subject to the objections which he made to it. Before leaving Ranger, he went, in company with Nenney, to the Ranger State Bank and purchased a cashier's check in his favor for $5,000. This cashier's check was left by Thompson with the bank, and the following instrument was then executed by the bank, one copy of which was delivered to Thompson and one retained by the bank:

"June 11, 1925.

"Received of Will Thompson our cashier's check No. 6827 in the amount of $5,000.00 and payable to Will Thompson. There is also filed with above cashier's check royalty deed from Jno. M. Gholson to Will Thompson.

"If for any reason the title to royalty from Jno. M. Gholson to Will Thompson is not accepted by the said Thompson then the cashier's check is to be delivered to Thompson, and if title is acceptable then deed is to be delivered to Thompson after he has indorsed cashier's check over to Jno. M. Gholson.

"The above-mentioned cashier's check was purchased by Will Thompson from us by giving his draft on Corsicana National Bank under date of June 9th. However, there is no contract in the bank between Gholson and Thomp-son covering this transaction, and the above-mentioned money is only placed in escrow for the purpose of showing good faith by Thompr. son, on account of previous draft given by him to Gholson being returned, and Gholson out of town at the present.

"Ranger State Bank,
"By I. E. Beavers,
"F. Cashier."

A few days later appellant returned to Ranger and was informed by Nenney and the bank that Thompson had been there and had left $5,000 in the bank to take care of the obligation when the deed was satisfactorily prepared. Another deed was executed by appellant to meet the criticisms made by Thompson to the first deed. This second deed was taken to the Ranger State Bank by appellant and Nenney and left with the bank. Appellant testified that Nenney stated to him that he had authority to release the $5,000 on deposit, but preferred that Thompson do so personally, and would get in touch with him within the next day or two. Appellant agreed to this arrangement. After a few days' delay Nenney reported to appellant that Thompson repudiated the transaction and would not buy the royalty, whereupon appellant sued Thompson and the Ranger State Bank jointly in the district court of Eastland county, the county of the residence of the bank, but not of appellee Thompson.

Thompson filed his plea of privilege to be sued in Navarro county, alleging that appellant had made Ranger State Bank a party defendant fraudulently for the sole purpose of attempting to obtain jurisdiction over him. This plea of privilege was controverted by appellant on two grounds: (1) That one of the defendants resides in Eastland county; that said defendant is a proper party to the suit; and (2) that appellee Will Thompson had contracted in writing to perform the obligation sued upon in Eastland county. Upon a trial of the plea of privilege, much evidence was introduced by both parties, at the conclusion of which the trial court sustained the plea.

In considering this case the court has had the benefit of able and exhaustive briefs, with citations of, and quotations from, many authorities; but as we are of the opinion that the controlling issues in the case are governed by clear and well-established rules, we shall not find it necessary to discuss and distinguish the authorities cited.

[1, 2] In determining whether or not appellant is entitled to maintain his suit in Eastland county, it must be borne in mind that appellee has the right to be sued in the county of his residence, and appellant, in order to deprive appellee of that right, must clearly plead and prove the exceptions relied upon by him. To maintain his suit in Eastland county under the exception that one of the defendants resides in Eastland county, it devolved upon appellant to prove a joint

cause of action against both appellees, or at least the cause of action against the bank ·must have been so intimately connected with the cause of action against Thompson that the two could properly be joined under the rule intended to avoid a multiplicity of suits. Richardson v. Cage et al., 113 Tex. 152, 252 S. W. 747.

[3] Such cause of action must be the one pleaded by him, and not some other and different cause of action which might be developed by the evidence upon the trial of the plea of privilege. Witting v. Towns (Tex. Civ. App.) 265 S. W. 410.

[4] The specific facts relied upon to confer venue must be set out in a controverting plea. No other facts can be considered. Article 2007, R. S. 1925; Penix v. Davis et al. (Tex. Civ. App.) 265 S. W. 718.

[5] With these rules as our guide it becomes our duty to determine whether or not, in our judgment, appellant proved sufficient specific facts alleged in his· controverting affidavit to raise an issue of fact as to whether or not he had a cause of action against the Ranger State Bank, as pleaded by him, which was so intimately connected with his cause of action against Thompson as that the two might be joined in one suit.

[6-8] The liability asserted against the bank in the petition and controverting affidavit was based upon the ground that it was an escrow agent having in its possession $5,-000 which rightfully should be paid to plaintiff, but which the defendant Thompson would not permit it to pay to plaintiff. The facts proved fall short of an escrow contract. The cashier's check was not deposited in the bank by virtue of any contract between Gholson and Thompson. There was no contract between them with reference thereto. Gholson did not know it was there until several days after the deposit was made. A contract between the parties is essential to a valid escrow. The deposit must be made in such manner as to be irrevocable. The thing deposited must pass beyond the control of the depositor, and the escrow agent must have dominion over it to dispose of it according to the terms of the contract under which the deposit was made. Cooper v. Marek (Tex. Civ. App.) 166 S. W. 58; Stonewall v. McGowan (Tex. Civ. App.) 231 S: W. 850; 21 C. J. pp. 865–870.

[9] Appellant insists that the evidence is sufficient to show a contract between Gholson and Thompson based upon the representations of Nenney, who is claimed by appellant to be the agent of Thompson, to the effect that the money was placed in the bank as Gholson's security to be paid to him when he should execute a new deed, and that appellant would be entitled to the money when he executed a satisfactory deed. He also insists that an implied contract ·arose between Gholson and Thompson by virtue of all of the facts of the case. To our mind it would be a doubtful and strained construction of the facts, conceding that Nenney was the agent of Thompson, to hold that they constituted an escrow contract between Thompson and Gholson. As was well said by Justice Williams of the Supreme Court in the case of Lasater v. Waits, 95 Tex. 555, 68 S. W. 500:

"The defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provision."

This language is approved by the Commission of Appeals in the case of Richardson v. Cage, 113 Tex. 152, 252 S. W. 747.

[10] The relationship between the bank and Thompson with reference to this $5,000 deposit must be determined by the terms of the agreement under which the deposit was made, because there was no subsequent agreement between them with reference thereto. Thompson clearly retained control over it, and the bank could not refuse to redeliver it to him whenever he demanded it. The facts show that he withdrew the deposit shortly after this suit was filed. When he demanded this money of the bank it could not refuse to deliver it to him, and it could not, therefore, be held answerable to appellant for so delivering it. If appellant has a cause of action against the bank, about which we express no opinion, it is a different cause of action to that pleaded in his petition and his controverting affidavit, and cannot be considered in passing upon the issues of this appeal.

We do not believe that the facts proven, taken in the most favorable light, show that appellant's suit was upon a cause of action in which the bank could properly be joined as a party defendant, and the action of the trial court in sustaining the plea of privilege as against the first exception relied on by appellant is sustained.

We find no evidence in the record supporting the claim of a contract in writing performable in Eastland county, and must therefore sustain the action of the trial court in holding against appellant on his second ground.

The judgment of the trial court will be affirmed.