## BROWN COUNTY FARMERS' ASS'N, Inc., v. HEID BROS., Inc.

### No. 2517.

Court of Civil Appeals of Texas. El Paso. March 26, 1931.

Rehearing Denied April 16, 1931.

J. E. Quaid, of El Paso, for appellant.

Harrison, Scott & Rasberry, of El Paso, for appellee.

HIGGINS, J.

This is a suit originating in the justice court, brought by appellee, to recover damages for breach of a contract for sale of two cars of oats. One of the cars was shipped and delivered. The action is based upon the appellant's refusal to ship the other car.

Appellant filed a plea of privilege setting up that it was a corporation domiciled in justice precinct No. 1 of Brown county, and claiming the right to be sued there. The plea is in due form. Controverting affidavit was filed seeking to sustain the venue as laid under subdivisions 5 and 23 of the venue statute, art. 1995.

In support of the venue under the latter subdivision, it was set up that defendant was a private corporation, and the contract called for delivery of the oats in El Paso county, which obligation was breached, wherefore the cause of action, or a part thereof, arose in that county.

On June 25, 1929, appellant wired appellee offering to sell "two cars No. 2 red oats bulk shipment within five days 42 public weigher or railroad weights." Appellee wired its acceptance. It is not claimed the telegrams bound appellant to perform any part of the contract in El Paso county, but, as imposing such obligation, reliance is placed upon a written confirmation of the contract prepared and signed by appellee and mailed to appellant. This confirmation closes as follows: "If the above confirmation is not in accordance with the facts advise us immediately by wire. Your failure to advise us immediately of errors is acknowledgment of the contract as above."

The confirmance contains provisions, which, if treated as a part of the contract, would perhaps make the obligation of appellant, in part, performable in El Paso county, and for the breach thereof, we will assume for the purpose of this appeal, would fix the venue there upon the theory that a part of the cause of action arose in that county.

In order to sustain the venue in El Paso county, under either subdivisions 5 or 23, it was necessary to establish that the terms of the written confirmation became a part of the contract. This appellee attempted to do by showing that appellant acquiesced in, and acted upon, the terms prescribed in the confirmation. The principle invoked is that applied in Stevens-Smith Grain Co. v. Heid Bros. (Tex. Civ. App.) 18 S.W.(2d) 210, and cases there cited.

The only evidence upon the issue was that offered by appellee. As heretofore stated, one of the cars was shipped, and, in order to show acquiescence by appellant, it must have shown that appellant shipped the car after it received the confirmation, and acted in accordance with the terms and conditions prescribed in such confirmation.

■ Appellee's assistant secretary and treasurer, Kinkaid, testified he deposited the confirmation in the mail addressed to appellant at Brownwood, Tex. Neither Kinkaid nor any other witness testified same was properly stamped, and it is very generally held that the presumption of receipt by the addressee is not raised, unless it is proved the postage was prepaid. Trezevant & Cochran v. R. H. Powell & Co., 61 Tex. Civ. App. 449, 130 S. W. 234; Bruck Bros. v. Lipman, etc. (Tex. Civ. App.) 228 S. W. 303, and cases cited in note 26 of 22 C. J. 100.

In the absence of any evidence as to prepayment of postage, the presumption relied upon by appellee did not arise.

■ Again, it was shown by Kinkaid that it required about two days to transmit a communication by mail from El Paso, where appellee is engaged in business, to Brownwood. The confirmation is dated June 25th, but the evidence does not show when it was deposited in the mail. Notations upon the telegram of appellant offering to sell show the message was filed at Brownwood at 5:49 p. m. (central time) and received in El Paso at 5 p. m. (mountain time). Appellee's telegram of acceptance is dated June 25th, but notation shows it was filed at 11 a. m. This message then must have been filed on the morning of the 26th, so the confirmation was evidently mailed not earlier than that date.

As stated, one car was shipped by appellant, but the record does not disclose when it was shipped. The only evidence throwing any light upon that question is the date of the draft drawn by appellant upon appellee for the purchase price of the car. This date is June 27th. So it would seem the draft was drawn in Brownwood less than two days after the mailing in El Paso of the confirmation.

We regard the evidence stated as insufficient to warrant the inference that the car was shipped after appellant received the confirmation. In the first place, no presumption of receipt by appellant of the confirmation arises, because it was not shown that postage was prepaid. But, assuming such receipt, it was incumbent upon appellee to show receipt before the car was shipped, and the evidence is insufficient for that purpose. What little evidence there is upon the issue rebuts such an inference.

We are therefore of the opinion appellee has failed to establish that the terms of the confirmation became a part of the contract between the parties. Upon this view it follows the venue in El Paso cannot be sustained upon the facts alleged in the controverting affidavit.

■ In appellee's brief, the ruling of the lower court is sought to be sustained upon the theory that the contract between the parties was made in El Paso county by the filing there of the telegram of acceptance, wherefore a part of the cause of action arose in that county. But no facts can be considered in support of the venue, except such as are specifically set up in the controverting affidavit. Article 2007, R. S. Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318.

The controverting affidavit in this case does not set forth the facts relied upon in this connection.

Reversed, and judgment here rendered ordering the venue changed to the justice court of precinct No. 1 at Brownwood, in Brown county.

Reversed and rendered.