No error has been presented by the record before us. The judgment of the trial court is therefore affirmed.

---

## PAPAS v. HARMON.

### No. 15473.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 18, 1953.

Rawlings, Sayers, Scurlock & Eidson and Nelson Scurlock, Fort Worth, for appellant.

Richard Dresser, Wichita Falls, for appellee.

RENFRO, Justice.

This is a venue case. From an order overruling his plea of privilege, non resident defendant J. G. Papas appeals.

The plaintiff Kemp Harmon sued Papas, a resident of Harris County, and Thomas J. Frizier, a resident of Wichita County, for damages for personal injuries sustained by him on December 2, 1951. The plaintiff alleged that he was employed by Papas to repair the roof on a store building in the City of Wichita Falls by pouring hot tar on the roof and covering it with gravel.

The non resident defendant Papas filed a plea of privilege to be sued in Harris County. The plaintiff filed a controverting affidavit, in which he sought to hold venue in Wichita County under subdivision 4, Article 1995, R.C.S.

The plaintiff alleged that the resident defendant Frizier was negligent in that while pulling a bucket of tar to the top of the roof he turned the rope loose before the plaintiff had time to catch and hold the five gallon bucket of boiling hot tar, which re-

sulted in the bucket dropping on the roof and splashing hot tar on plaintiff's hand.

The plaintiff's evidence established not only that the injury did not occur as alleged in his controverting plea but that it could not so occur. According to his own testimony there was a 2½ foot or 3 foot parapet wall extending above the flat top roof. He fixed one end of an 8 foot pipe on the top of the roof and extended the pipe at an angle over the parapet wall. His estimate of the distance it extended from the wall varied from 2 feet to 4 feet. A pulley was attached to the end of the pipe. The five gallon bucket of tar when pulled by Frizier to the pulley was in part below the top of the wall. The plaintiff had to reach out and pull the bucket up to the wall, then up to and over the top of the wall in order to set it down on the roof top. Clearly, if Frizier had turned loose of the rope before plaintiff caught hold of the handle of the bucket, as alleged, the bucket would have fallen back to the ground and not up and over the wall. Therefore, if Frizier was negligent in any particular, such negligence occurred after the plaintiff had taken hold of the bucket, pulled it over the wall and while he was in the act of setting it on the roof, and not as pleaded by plaintiff.

█ The specific grounds relied upon to confer venue must be set out in a controverting plea. No other facts can be considered, Gholson v. Thompson, Tex.Civ. App., 298 S.W. 318, and the plaintiff must prove the facts specifically alleged to bring the case within one of the exceptions. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Longhorn Trucks, Inc., v. Bailes, Tex.Civ.App., 225 S.W.2d 642, mandate overruled; Morris Plan Bank of Fort Worth v. Ogden, Tex. Civ.App., 144 S.W.2d 998.

█ No grounds can be considered in support of the venue except such as are set up in the controverting affidavit. Brown County Farmers' Association, Inc., v. Heid Bros., Inc., Tex.Civ.App., 37 S.W.2d 1067; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63.

█ Because the plaintiff failed to prove the ground of negligence alleged against the resident defendant Frizier, the court erred in overruling the plea of privilege filed by the nonresident defendant Papas.

We reverse the judgment of the trial court and herein render judgment sustaining the plea of privilege of the nonresident defendant Papas and order venue changed to a district court of Harris County, Texas.