**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**Herbert L. WILLIAMSON, Appellee.**

No. 13525.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 28, 1959.

Touchstone, Bernays & Johnston, Charles C. Sorrells, Dallas, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, for appellee.

MURRAY, Chief Justice.

This is an appeal by Commercial Insurance Company of Newark, New Jersey, from a judgment of the District Court of Jim Wells County, Texas, overruling its plea of privilege to be sued in Dallas County, Texas, its residence and principal place of business in Texas. The suit was instituted by Herbert L. Williamson against Continental Casualty Company and Commercial Insurance Company of Newark, New Jersey, as the Workmen's Compensation Insurance carriers for Tennessee Gas Transmission Company, the employer of plaintiff. The alleged injury was sustained by plaintiff in Bolivia, South America. The Commercial Insurance Company of Newark, New Jersey, was not a party to the proceeding before the Texas Industrial Accident Board.

In his controverting plea, appellee made the following allegation:

"Plaintiff denies the allegations contained in Paragraph 3 of Defendant's Plea of Privilege wherein it is alleged that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause;' that on the contrary Plaintiff's said cause of action comes under the provisions of the Workmen's Compensation Law of the State of Texas which under Section 19 of Article 8306 specifically provides for venue and jurisdiction of the District Court of Jim Wells County, Texas, for the reason that under the facts of this case and in accordance with the allegations contained in Plaintiff's Original Petition, on file herein and prayed to be considered a part of this Controverting Plea the same as written herein in its entirety, that Plaintiff's contract of hire was made in Jim Wells County; that he resided in Jim Wells County at the time the contract of hire was entered into, resided there at the time this suit was filed and still resides in said County; that after he was hired in Jim Wells County, Texas, and performed services for his employers as alleged in his Petition in Jim Wells and Harris County, Texas, he was temporarily transferred out of the State of Texas and was working in Bolivia when he suffered serious and permanent injuries on or about January 8, 1958, while working in the due course and scope of his employment as a Texas employee by virtue of the provisions of the Workmen's Compensation Law of the State of Texas; that such facts bring this cause of action under the provisions of Section 19, Article 8306, which reads in part as follows:

" 'a. In the County of Texas where the contract of hiring was made; or

" 'b. In the County of Texas where such employee or his beneficiary or any of them reside when the suit is brought or

" 'c. In the County where the employee or his employer resided when the contract of hiring was made, as the one filing suit may elect.'

and that such injuries suffered by the Plaintiff occurred within less than one year from the date the Plaintiff left the State of Texas and Plaintiff has elected to pursue his remedy under the Workmen's Compensation Law of the State of Texas; wherefore, the provisions of the general venue statute Article 1995 have no application to this cause of action."

In his brief appellee abandons his allegation that Commercial Insurance Company of Newark, New Jersey, was a carrier of Workmen's Compensation insurance, and undertakes to hold venue in Jim Wells County under the provisions of Subdivisions 28 and 29a of Article 1995, Vernon's Ann. Civ.Stats. Rule 86, Texas Rules of Civil Procedure provides the manner in which controverting affidavits are to be prepared and filed, and reads in part as follows:

"If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Appellee not only fails to state any facts in his controverting plea that would show venue under Subdivisions 28 and 29a, Article 1995, but he goes further and states that Article 1995, supra, does not apply. We cannot here consider facts that appellee did not set out in his controverting plea. He will not here be permitted to contend that the provisions of Art. 1995 do apply, when he states in his controverting plea that they do not apply. Hudson & Eads, Inc. v. Enlow, Tex.Civ.App., 302 S.W.2d 479.

The judgment is reversed and judgment here rendered sustaining appellant's plea of privilege, and ordering the suit, insofar as it affects appellant, transferred to the District Court of Dallas County, Texas, in the manner provided by Rule 89, Texas Rules of Civil Procedure.