**LIVE OAK COUNTY, Texas, Appellant,**

**v.**

**LOWER NUECES RIVER WATER SUPPLY DISTRICT, Appellee.**

**No. 13816.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 8, 1961.

Rehearing Denied Dec. 6, 1961.

Harry J. Schulz, Three Rivers, Dan Moody, Jr., Austin, W. L. Hardwick, George West, for appellant.

Fischer, Wood, Burney & Nesbitt, Wood & Boykin, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This is a plea of privilege case. The suit was originally instituted by Live Oak County, Texas, a political subdivision of this State, hereinafter called appellant or County, against the Lower Nueces River Water Supply District, another political subdivision of the State of Texas, hereinafter called appellee or Water District. At the time this suit was filed appellee was in the process of constructing a dam across the Nueces River, which when completed would inundate a portion of the county road known as Lagarto Road. Originally, the purpose of the suit was to prevent appellee from inundating Lagarto Road, until appellee had paid to appellant the damages which would result from the inundation of the road, or, in the alternative, had made suitable arrangements either for the elevation of said road above the anticipated level of the water in the proposed lake, or for the payment of the cost of such elevation. At the time of the hearing on the plea of privilege the dam had already been completed and the water caught in the reservoir had flooded the Lagarto Road. Now the suit has become a contest between the parties over their respective rights and obligations in connection with the inundated roadway.

Appellee filed its plea of privilege seeking to remove the venue of this case from Live Oak County to Nueces County, the county of its domicile. To this plea, appellant filed a controverting affidavit, and subsequently its first amended controverting affidavit, asserting that the venue of this suit lies in Live Oak County by virtue of one or more of Subdivisions 9, 14 and 19, of Article 1995, Vernon's Ann.Civ.Stats.

Subject to its plea of privilege, appellee filed an answer to appellant's application for a temporary injunction and a cross-action. At a hearing, the trial court granted appellant a temporary injunction but nothing more. On appeal to this Court, such temporary injunction was dissolved. Lower Nueces River Water Supply District v. Live Oak County, Texas, 312 S.W.2d 696. Application for writ of error was refused, n. r. e., by the Supreme Court. After such action by this Court, appellee proceeded to complete the dam, close the gates and impound the water of the Nueces River, which inundated the bridge and portions of the Lagarto Road, and the same are now under several feet of water.

A hearing was subsequently held before the district court on the plea of privilege and controverting affidavits, and after hearing and considering the evidence presented and the argument of counsel, the trial court granted the plea of privilege, from which action Live Oak County has prosecuted this appeal.

■ Appellant's first contention is that appellee had waived its plea of privilege by filing a cross-action and urging its prayer for affirmative relief, both at the hearing before the trial court and on appeal before this Court. We do not find anything in the record before us to indicate that appellee attempted to obtain affirmative relief in the trial court. It is true that at the hearing on the plea of privilege, appellant introduced appellee's answer setting out the cross-action. This cross-action was expressly made subject to the plea of privilege. There was nothing introduced in the trial court to show that appellee in the injunction hearing asked for affirmative relief. We are bound by the record before us. 3 Tex.Jur.2d 652, § 395. We are not required to search the record on the prior appeal to determine whether or not appellee there sought affirmative relief in that hearing. 3 Tex.Jur.2d 652, § 396.

■■ We do not find anywhere in the record that appellant plead or presented to the trial court any contention that appellee had waived its plea of privilege. Neither the original controverting affidavit nor the amended controverting affidavit contains one word presenting the contention that appellee had waived its plea of privilege. The plea of privilege and the controverting

affidavit, or amended controverting affidavit, are the only pleadings to be considered by a trial court in a venue hearing. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Galloway v. Nichols, Tex. Civ.App., 269 S.W.2d 850; Papas v. Harmon, Tex.Civ.App. 263 S.W.2d 269; Gholson v. Thompson, Tex.Civ.App., 298 S.W. 318. Therefore, it seems to us that the contention that appellee had waived its plea of privilege was not raised in the trial court; if it was raised, it is not sustained by the record before us. Such a question can not be raised for the first time in this Court. 3 Tex.Jur.2d, 377, § 108.

■ Appellant next contends that the trial court should have overruled the plea of privilege and maintained venue of this suit in Live Oak County under Subdivision 14, Art. 1995, which reads as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellant's specific contention is that this is a suit by the County against the Water District for damages to its county road known as Lagarto Road, caused by the flooding of the road with water impounded in appellee's lake. We can not agree. The record shows that at the time the plea of privilege was being heard this suit had become nothing more than a suit by the County against the Water District to require it to pay the cost of the elevating of Lagarto Road. Such a suit cannot be classified as a suit to recover land or damages thereto. Art. 7585, Vernon's Ann.Civ.Stats., makes it the duty of the Commissioners' Court of the County to re-locate a road that is to become a part of a reservoir or lake when a water district completes its dam.

It also makes it the duty of the Water District to pay the cost of removing bridges and other property interfering with the construction of the reservoir, as well as the cost of building the relocated road. The County, although timely notified by the Water District to remove the bridge and re-locate Lagarto Road, refused to do so until after it was flooded. It did pass an order requiring that Lagarto Road be elevated to such an extent that it would not be flooded by the water of the reservoir. It was estimated that the expense of doing so would be something over $667,000.00. When the suit is finally tried upon its merits it will involve the question of the duties and liabilities between the County and the Water District under the provisions of Article 7585, supra. Whatever rights the County has in this matter and whatever duties the Water District owes, are all fixed and provided for in Article 7585. The damages done to the old Lagarto Road and bridge will be immaterial. This suit is now a suit under the provisions of Article 7585, and is in no sense a suit for land or damages thereto.

■ Appellant next contends that Live Oak County has venue of this suit because the Water District committed a trespass in that County. We overrule this contention. Under the provisions of Article 7585, the Water District had a right to build the Wesley Seale Dam across the Nueces River. It did not commit a trespass in doing so, and the charges which it will ultimately have to pay will not be for trespass, but will be governed by the provisions of said Article 7585.

Appellant's contention that venue here is governed by Section 19, Art. 1995, relating to suits against a county, is without merit and is overruled.

The judgment of the trial court is affirmed.