The **KROGER COMPANY**, Appellant,

v.

Hilda **BENAVIDES**, Appellee.

No. 731.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 26, 1972.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, George G. Brin, Corpus Christi, for appellant.

John M. Stafford, Kingsville, for appellee.

## OPINION

BISSETT, Justice.

This is a venue case. The plaintiff, Hilda Benavides, sued to recover damages for injuries received on defendant's premises in Kleberg County, Texas. Defendant, a foreign corporation, but authorized to do business in Texas, whose Texas office is located in Harris County, filed its plea of privilege seeking the transfer of the cause to Harris County. Plaintiff controverted the plea and sought to maintain venue in Kleberg County under Subdivisions 23 and 27, Article 1995, Vernon's Ann.Civ.St.

After a non-jury trial, the trial court overruled defendant's plea of privilege. Defendant has appealed. We reverse the judgment of the trial court and order the cause transferred to Harris County.

■ Appellee did not file a brief in this Court. We, therefore, accept the facts as set out by appellant in its brief. Rule 419, Texas Rules of Civil Procedure.

■■ Plaintiff invoked Subdivisions 23 and 27 of the statute, pleading as follows:

"Plaintiff says that the Defendant is a foreign corporation; that Plaintiff's have a cause of action against Defendant, and that such cause of action, or a part thereof, arose in Kleberg County, Texas, under Subdivisions 23 and 27, Article 1995 V.A.T.S. in that the Plaintiff was injured as the result of Defendant's negligence and was proximately caused by the negligence of the Defendant in each or all of the acts or omissions as set forth in Plaintiff's Original Petition which is made a part of this Pleading as heretofore alleged; that the negligence of the Defendant, his agents, or employees acting within the scope of their employment, was the proximate cause of all injuries to Plaintiff and of the damages to the Plaintiff."

Only those portions of Subdivisions 23 and 27 dealing with where the cause of action or a part thereof arose or accrued, were in issue in the trial court. No alternative venue facts under either of these subdivisions were alleged by plaintiff in her controverting plea, and no evidence was introduced at the hearing in support of any

venue facts beyond those specifically plead by the plaintiff in said plea. Under these circumstances, the trial court was limited to consideration of the evidence relating to plaintiff's contention that the defendant was guilty of an act or omission constituting negligence in Kleberg County and that plaintiff's cause of action or a part thereof arose in Kleberg County. Rule 86, T.R.C.P.; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Commercial Insurance Company of Newark, New Jersey v. Williamson, 328 S.W.2d 796 (Tex.Civ.App.—San Antonio 1959, n. w. h.). The specific grounds relied upon to confer venue must be set out in the controverting plea, and no other venue facts can be considered. See McDonald, Texas Civil Practice, Vol. 1, § 4.30.2, p. 518.

Plaintiff testified that at the time of her injury (September 14, 1971), she was a customer in defendant's store in Kingsville, Kleberg County, Texas. While shopping in the store, she reached upon a shelf to obtain a can of foodstuff when her right forearm was pierced by the prongs of a large barbeque fork which was hanging down in the area where the canned goods were located. She did not know how the fork happened to be hanging in that area, who put it in that particular area, or when it was put there.

Mr. Schroeder, the General Merchandise Manager for defendant's store in Kingsville, was notified of plaintiff's injury. Immediately following such notification, he personally inspected the area of the accident. He testified that barbeque forks which were offered for sale in the store were displayed in pasteboard packages in plastic covers before being so displayed. The fork that injured plaintiff was not packaged or encased in plastic when he arrived at the scene. He had no idea who removed the protective plastic covering or the pasteboard packaging material from the fork or how long it had been in the unpackaged condition before the accident.

He further testified that occasionally a customer would remove packaged items from their protective covering. He knew of no reason why any employee of defendant would have removed the packaging from the fork.

■ A plaintiff who controverts a plea of privilege under Subdivisions 23 and 27 on the basis that the cause of action or a part thereof arose or accrued in the county where suit was filed, must plead and prove a complete cause of action against the corporate defendant. Van Waters & Rogers, Inc. v. Kilstrom, 456 S.W.2d 570 (Tex.Civ.App.—Waco 1970, n. w. h.); Members Mutual Insurance Company v. Clancy, 455 S.W.2d 447 (Tex.Civ.App.—San Antonio 1970, n. w. h.). It is not sufficient that the plaintiff establish a prima facie case against the defendant. Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Comm'n App.1941); Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694 (Tex.Civ.App.—Tyler 1965, n. w. h.).

■ A business invitee, who seeks to recover for injuries sustained on defendant's premises, must show that his injuries were sustained in connection with a dangerous condition; that is, a condition on the premises which constituted an unreasonable risk of harm. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup. 1963).

■ Evidence that injuries were sustained on defendant's premises as a result of a dangerous condition does not, alone, establish the breach of any duty owed by the occupier to a business invitee. George v. City of Fort Worth, 434 S.W.2d 903 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.).

In order to hold the occupier of the premises liable for injuries sustained by a

business invitee by reason of a dangerous condition of or on the premises, the dangerous condition must have been created by the occupier, or must have either been known to him, or should have been known to him because of his duty to inspect, or have existed for such a length of time that, in the exercise of ordinary care he would have discovered it. Halepeska v. Callihan Interests, Inc., supra; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); J. Weingarten, Inc. v. Bradshaw, 438 S.W.2d 435 (Tex.Civ.App. —Houston 1st Dist. 1969, writ ref'd n. r. e.); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App.—Amarillo 1964, n. w. h.).

■ Plaintiff has failed to prove even a prima facie cause of action and has done nothing more than establish an injury that she received on defendant's premises as a result of a dangerous condition, to-wit, an unpackaged barbeque fork. There is no evidence that defendant, or any of its agents, either created the dangerous condition or knew of its existence prior to the occurrence of the event made the basis of plaintiff's suit. There is no evidence that the dangerous condition had existed for such a length of time that in the exercise of ordinary care the defendant or any of its agents could have discovered it.

Agency within the meaning of Subdivision 27 was neither alleged in the controverting plea nor proved by the evidence. There is no evidence that the defendant or any of its agents was guilty of any act or omission of negligence in Kleberg County, Texas. The evidence is both legally and factually insufficient to show that plaintiff's cause of action or any part thereof arose in Kleberg County. Plaintiff has wholly failed to establish a complete cause of action against defendant. All of defendant's points of error are sustained.

The judgment of the trial court is reversed and judgment is here rendered that this case be transferred to the District Court of Harris County, Texas.