**BUDDIES SUPERMARKET INC., and Philip E. Fenton d/b/a Fenton's Cage Eggs, Appellant,**

v.

**Pauline W. POWELL, Appellee.**

**No. 4730.**

Court of Civil Appeals of Texas, Eastland.

Oct. 18, 1974.

Rehearing Denied Nov. 15, 1974.

William L. Hughes, Jr., Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, for appellant.

George A. Day, Day & Nabers, Brownwood, for appellee.

WALTER, Justice.

Pauline W. Powell filed suit against Buddies Supermarket, Inc., domiciled in Tarrant County, Fenton's Inc., d/b/a Fenton's Cage Eggs of Brown County and Walter Hendele of Brown County for personal injuries sustained as a result of a slip and fall accident in Buddies store at Brownwood. Buddies' plea of privilege was overruled and it has appealed.

In her first amended controverting plea Mrs. Powell asserts that venue is proper in Brown County under 4, 9, 9a, 23 and 29a of Article 1995, Vernon's Ann.Civ.St.

Mrs. Powell pleaded:

". . . That the Defendants, or either of them, are negligent in permitting the floor to be slick and/or cluttered in such a manner that a person shopping in the store would slip and fall. That Defendants, or either of them, are negligent in not warning the Plaintiff that a condition dangerous to her, of which they had knowledge, or of which they, or either of them, should have known, in the exercise of ordinary care, existed, in such a way as to prevent her from injuring herself. At all times, the Defendants and its/their agents, servants or employees, were acting within the scope of their agency or employment. Plaintiff would further show and claim that Defendant WALTER HENDELE, as an agent of FENTON'S INC., was stacking boxes in a negligent manner, with sharp edges protruding where one who falls could injure themselves, and that such stacking was done by and with the consent of BUDDIES SUPERMARKET, INC., who, in the exercise of ordinary care, knew about, or should have known about such stacking, and that permitting such boxes to be stacked in such a manner was negligence causing the injuries hereinafter complained of."

In Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972), our Supreme Court held:

"This court has often measured the duty which an occupier of premises owes to an invitee. Guidry v. Neches Butane Products Co., 476 S.W.2d 666 (Tex. 1972); City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.1969); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954). The duty is that which is summarized in Restatement (Second) of Torts § 343 (1965):

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts § 343, Comment b. (1965)."

Mrs. Powell testified substantially as follows:

My name is Pauline W. Powell. The route I took in Buddies Supermarket the day I fell and injured myself was after I entered the front door, I went to the margarine counter. I came up the isle, "And I came by and I stepped on this thing, just as slick as glass, and I felt my arm rub these high—about 3 feet of boxes, and it threw me, and my feet hit in this other box on the floor, this—this —it looked like about 2 or 3 small boxes." I felt something slick which caused me to loose my footing. The boxes in the store that I passed did not cause me to fall. I did not notice anything on the floor that would explain my fall except those boxes. I did not see anything on the floor that I think contributed to my fall. All I know is that I stepped on something slick that caused me to fall. I don't know what it was and I don't know of anybody who does. I don't know how the slick substance was spilled or deposited on the floor, and I don't know how long it might have been there if I assume it was there.

After a careful examination of Mrs. Powell's testimony and the other facts and circumstances in evidence, viewed most favorably to Mrs. Powell, we have reached the conclusion that Mrs. Powell has failed to discharge her burden of showing that venue was proper in Brown County. See Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948), and Kroger Company v. Benavides, 486 S.W.2d 877 (Tex.Civ.App.—Corpus Christi 1972, no writ). We find no evidence that the defendants knew or by the exercise of reasonable care could have discovered the slick condition which caused Mrs. Powell to fall. We are compelled to sustain appellant's no evidence point. The judgment is reversed and judgment is rendered for the appellant.